## MENASHA WOOD SPLIT PULLEY CO. et al. v. DODGE et al.

(Circuit Court of Appeals, Seventh Circuit. February 7, 1898.)

PATENTS—SEPARABLE PULLEYS.

The Dodge & Philion patent, No. 260,462, for an improvement in separable pulleys, construed on appeal from an order granting a preliminary injunction, and *held*, that infringement was not so clear as to warrant the court below in granting such an injunction. 85 Fed. 971, affirmed on application for rehearing.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

This was a suit in equity by William W. Dodge, Melville W. Mix, and the Dodge Manufacturing Company against the Menasha Wood Split Pulley Company and others, for alleged infringement of letters patent No. 260,462, issued July 4, 1882, to Wallace H. Dodge and George Philion, for an improvement in separable pulleys. The circuit court entered an interlocutory order granting a preliminary injunction, and the defendants appealed. On November 29, 1897, this court filed an opinion reversing the order below. 85 Fed. 971. The cause is now heard on a petition by the appellants for a rehearing.

Wm. F. Vilas and J. C. Kerwin, for appellants.
Lysander Hill and John W. Hill, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

SHOWALTER, Circuit Judge. Notwithstanding the earnest argument presented on this application, we still concur in the conclusion already announced. Since that argument is directed more especially against what was said in my individual opinion, I take this opportunity, entirely on my own account, of putting down certain impressions apparently not already made clear. The patentees say in their specification:

"Heretofore separable pulleys have been made in parts fitted and bolted together prior to being bored and turned, and therefore they were fitted to the shaft and secured thereon in ordinary way. Such pulleys are not interchangeable as to shafts of different diameters. Our improvement obviates—First, the old and imperfect mode of fastening the pulley in place on the shaft; and, second, renders the same pulley readily applicable to shafts of different diameters."

The invention of the patent seems to concern, not the operation of a pulley as such, but the construction of a separable pulley with reference to the method of putting it on the shaft and holding it there. The patentees say further:

"The parts of the bar, B, are so placed in the rim segments that they will not touch each other at the axis or hub of the wheel when the ring segments are placed in position [that is, as I understand, with the meeting ends in contact]. The clamping bolts, G, G, are then inserted with pieces of thin wood or veneering, I, between the parts of the bar, B, to prevent them from springing together under the action of the bolts while being turned in the lathe. The exterior rim segments, d, e, f, g, are then applied, and secured by glue, nails, or other suitable means, and cut transversely in line with the previous cut."

As I understand, the meeting ends of the primary ring are brought into contact, and the strip, I, inserted so as to fill up the opening between the separated portions of the hub bar. The clamping bolts are then inserted, the nuts on these bolts are screwed down, and the two parts of the primary ring are thus held firmly together. The exterior ring segments are now put on the structure. The cut across these segments must therefore, in practice, be made before they are put on. The sentence last above quoted may read: "The exterior ring segments, d, e, f, g, are then applied and cut transversely in line with the previous cut, and secured by glue, nails, or other suitable means." It is nowhere stated in the specification that the meeting ends of the primary ring are separated when the ring halves are initially bolted together with the strip, I, between them. The contrary seems plainly implied from the specification and drawings. The strip, I, is sufficiently thick to prevent the springing together of the two separated portions of the hub or spoke bar under stress of the bolts when the ends are in contact. It was suggested by me in the opinion previously delivered that the exterior rim segments might be put on before the two parts of the primary ring had been bolted together. In that method of construction the two ends of the primary ring would be left apart the width of the kerf afterwards made in sawing asunder the exterior rim segments. After this sawing apart had been done, the two halves of the pulley could be placed with their meeting ends in contact, the strip of wood, I, could be inserted, and thereafter the bolts, and then the shaft hole could be bored truly central and the pulley turned on its face and edges.

It is suggested in the argument on the present application that the meeting ends of the primary ring remain apart when the bolts are inserted to bring the halves together against the strip, I. The strip, I, as indicated in the patent, is not thick enough to admit of this method of construction. The function of that strip is to prevent the springing together of the separated parts of the hub bar under tension of the bolts when the ends are in contact. Moreover, the structure of the rings, as described in the specification, is a rigid structure, not intended to be sprung or bent. And, still further, on the method proposed in the argument, the exterior outline of the pulley would not be an exact circle after the meeting ends are sprung together. Without dwelling on the matter, I do not clearly find in the specification of this patent the structure proposed in the argument.

In a pulley made on the method apparently used by this appellant, the meeting ends need not be together, even when the pulley is in place on the shaft. Strong bolts through the spoke bar near the hub and near the ends may well hold the kind of pulley last indicated firmly and securely on the shaft when the meeting ends of the rim and spoke bar are not in contact. Would the learned counsel for appellee contend that such a doubly bolted pulley was an infringement of either of the claims of this patent? These patentees did not secure any claim for holding the hub on the shaft without contact at the meeting ends functional towards that result. Shall the claims be construed as though the words "when the meeting ends of the rim are in contact" were not in them? If there were a claim like this, "a separable pulley,

whereof the meeting faces of the spoke bar and hub are slightly separated, combined with clamp bolts, G, whereby said hub is clamped upon the shaft," the question would be different. The argument that, in the case of the patent in suit, contact at the meeting ends is merely to complete and strengthen the rim, and that such contact is functionless in holding the pulley on the shaft, would seem to eliminate from each claim that factor expressed by the words "when the meeting ends of the rim are in contact."

The foregoing are merely my individual impressions from the record as it comes before us on this appeal. The order of the court is that the rehearing be denied.