DODGE et al. v. OHIO VALLEY PULLEY WORKS et al.

(Circuit Court, D. Kentucky. May 1, 1899.)

1. PATENTS—SUBSTITUTION OF MATERIAL.

It was not invention to substitute wood for iron, especially in view of the well-known utility of paper or leather as equivalents for iron. The use of wood as an equivalent for iron in many arts of more or less analogy deprives its substitution in the art of making pulleys of all claims of discovery.

2. SAME—COMBINATION.

Separate split thimbles, being old and well known in the art as an element of combination with a separable wood pulley, cannot be sustained, unless the claim is limited to the peculiar structural devices of the pulley described and claimed in the patent.

3. SAME—NOVELTY.

The feature of "rim contact" is an essential feature of the separable pulley in the Dodge and Philion patent, No. 260,462. Defendants' pulley, which does not have the rim contact, but uses struts between the spoke-arms, and which keeps the rims from contact, does not infringe.

4. SAME—CONSTRUCTION OF CLAIM.

Where a claim calls for a specific element as a feature of the combination, it is not admissible to broaden the claim so as to include a different and older method of construction.

5. SAME—PLURALITY.

The claim for patent upon a separable pulley of certain specific construction, in combination with "a separable split thimble interposed between said shaft and pulley," cannot be broadened to cover a plurality of bushings, which is a mere carrying forward of the original idea.

(Syllabus by the Court.)

Lysander Hill and John W. Hill, for complainants.
E. E. Wood and Wm. R. Wood, for defendants.

LURTON, Circuit Judge. This bill, as originally filed, claimed that the defendants infringed both the first and third claims of patent No. 260,462, of July 4, 1882, to Wallace L. Dodge and George Philion. After the proof in the case had been taken, the complainants dismissed the bill so far as infringement of the first claim was charged, and the case is now heard upon the questions involved by the charge that the defendants infringed the third claim. This third claim is for a combination. The elements are: First, "a separable pulley, whereof, when the meeting ends of the rim are in contact, the meeting faces of the spoke-bars are slightly separated"; second, "the clamp-bolts, G," described in the specifications; and, third, "a separable split thimble interposed between said shaft and pulley, substantially as set forth."

1. The validity of both the first and third claims was passed upon and sustained in an elaborate opinion by the late Judge George R. Sage in the circuit court for the Southern district of Ohio. His opinion is reported as Dodge v. Post, 76 Fed. 807. Judge Sage, in that

case, after an elaborate consideration of a very large number of anticipatory devices, found himself enabled to sustain the validity of the first claim, which is the broad one of the patent, upon the ground that:

"Complainant's patented pulley is the on., one shown in the record in which compression to the shaft to any required degree—a compression bringing the entire inner surface of the hub to bear upon the shaft, and so constructed that it may be increased whenever necessary by reason of change of shaft, or of wear, or of any other cause—is so effected as to be superior to any other mode or means of fastening or attachment, and to impart to the pulley its greatest mechanical power, and yet leave it entirely separable into its own halves, and from the shaft."

The learned judge further said that, in order "to accomplish this result, there must be compression at the shaft, and contact at the rim, and the inner side of the divided spoke-arm must be separated. from rim to rim." He was enabled to distinguish the anticipatory devices from the structure covered by the first claim of the Dodge patent by reason of his inability to find in them the necessary contact at the rim, which he regarded as an essential functional element in the Dodge method of attaching the pulley to the shaft. The necessity of this feature of "rim contact" and "hub separation," as the proper construction of this patent, was also emphasized by the circuit court of appeals for the Second circuit in the case of Dodge v. Pulley Co. (decided in December, 1898; not yet officially reported) 35 C. C. A. 140, 92 Fed. 995. The same construction was given to the patent by the circuit court of appeals for the Seventh circuit in the case of Pulley Co. v. Dodge, 29 C. C. A. 508, 85 Fed. 971, and reaffirmed, upon petition to rehear, in 30 C. C. A. 455, 86 Fed. 904. My own examination of the very voluminous record in this case convinces me that the construction placed by Judge Sage, and followed in the two cases cited above, is the only construction which could possibly save the first claim of this patent, if its validity was here in question.

2. The third claim is identical with the first, except that an additional element is added to the combination covered by the first. This will be at once observed by comparison, the first and third claims being as follows:

"(1) A separable pulley, whereof, when the meeting ends of the rim are in contact, the meeting faces of the spoke-bar and hub are slightly separated, as described, combined with clamp-bolts, G, whereby said hub is clamped upon the shaft in the manner set forth." "(3) A separable pulley, whereof, when the meeting ends of the rim are in contact, the meeting faces of the spoke-bar and hub are slightly separated, and clamping-bolts, G, combined with a separable split thimble interposed between said shaft and pulley, substantially as set forth."

The third claim consists, then, in the element of the first claim "combined with a separable split thimble interposed between said shaft and pulley, substantially as set forth." Now, it is clear that, if it be conceded that the devices of the defendant do contain this element of "a separable split thimble," they do not infringe, unless this element is found in combination with "a separable pulley, whereof, when the meeting ends of the rim are in contact, the meeting faces of the spoke-bars are slightly separated." In other words, as said by the court of appeals for the Second circuit in reference to this third

claim, in the case of Dodge v. Pulley Co., "if the pulley itself be structurally different from the pulley of the first claim, it cannot be held to infringe the third claim solely because it contains the single additional element of that claim." But the use of bushings for adapting a pulley to a shaft which is smaller than the bore of the pulley was itself old in the art. The evidence in this record shows beyond all question that separable split iron thimbles or bushings were well-known devices in the great and small workshops of the country long before this patent was applied for. So, also, it is shown that bushings of paper and leather were used for the same purposes. The substitution of wood for these materials formerly used was not invention. It is true that Judge Sage, in Dodge v. Post, already cited, did hold that iron was not adapted for adapting wood split pulleys to the shaft. Upon the evidence before him this may have been the proper conclusion. But the additional evidence in this record removes all serious doubt in my mind as to the practical value of iron as a bushing material. It is not necessary to hold that wood bushings may not be better in connection with separable wood pulleys, but I am not satisfied that a mere change of material—a change to which the patentees have not chosen to limit themselves—was invention. If iron was not sufficiently yielding so as to grip the shaft tightly enough, it was not invention to substitute wood for iron, especially in view of the well-known utility of paper or leather as equivalents for iron. The use of wood as an equivalent for iron in many arts of more or less analogy deprives its substitution in this art of all claim to discovery. The subject of a mere change of material is discussed by the court of appeals for this circuit in Kilbourne v. W. Bingham Co., 1 C. C. A. 617, 50 Fed. 697, and still more in point is the case of Bushing Co. v. Doegler (C. C.) 23 Fed. 191. The claim to a plurality of bushings does not seem to be more than a carrying forward of the original idea of a separable split thimble. It is to be borne in mind that the patentees have no claim covering this "separable split thimble" alone. It is only one of the elements in a combination, and the claim is that the combination in which this thimble or bushing is an element is new. In view of the character of the claim, it is difficult to see how the idea of a plurality of bushings or "interchangeable centers" can enter into the claim at all. The claim would be infringed just as much by a combination of the separable pulley with a single "separable split thimble" as if a whole series of such thimbles were sold or used in connection with the pulley. The idea of making the bore of such separable pulley abnormally large, so that by the use of bushing any smaller shaft might be used, does not seem to involve invention, but to pertain to the proper domain of mere mechanical skill. I do not find it necessary to pass upon the novelty of the combination of the third claim, further than to say that it cannot be sustained unless it be confined to the peculiar structural devices described and claimed for the attachment of the pulley to the shaft, and for strengthening the two halves of the pulley against vibration and strain when in motion. The feature of "rim contact" was and is the feature which enabled Judge Sage to sustain the separable pulley of the first claim against anticipation. The later decisions have not widened that claim, nor supported a broader con-

struction of that element as a part of the combination of the third claim The devices of the defendants do not show the "meeting ends of the rim" in contact. Defendants have strengthened their pulley against strain by adopting struts at each end of their spoke-arms, so that these struts sustain all the thrusts of compression applied to the spoke-arms. The meeting ends of the rims are not in contact; for a clear space is left between them, the two halves of the pulley being held together by the spoke-arms. Complainants say that the struts which support the spoke-arms are equivalent to inward rim extension. But in this the defendants have adopted the method of the Schelkopf wheel, as shown in patent No. 168,925, of October 19, 1875. Concerning the construction and operation of that wheel, Mr. Dayton, complainants' expert, said in the case of Dodge v. Post, when distinguishing the Schelkopf wheel from the separable pulley of the first claim of the Dodge and Philion patent:

"The rims of the wheel halves are purposely made to stand apart in order that the clamping-bolts referred to may exert their entire force in holding the wheel members to the shaft, and in fastening the gudgeon to the shaft end; it being obvious that, if the rims met, the braced half-wheels would oppose the clamping action of the clamping-bolts, and in some measure prevent the desired security of the wheel to the shaft, and the firm fastening of the gudgeon within the shaft. Between the outer ends of the spoke-bar, studs are inserted, and additional clamping-bolts, passing through the spoke-bars, draw them against the ends of these studs, giving rigidity to the wheel."

This end contact of the rims is a specific element of this third claim of the patent in suit. Having sustained the first claim on the ground of the novelty and effectiveness of such rim contact, it is not admissible that it should now be broadened so as to include the Schelkopf method of construction. That which infringes if later anticipates if earlier. The defendants do not infringe if complainants be limited to the specific rim contact of their claim, and this I think necessary to avoid anticipation. Let the bill be dismissed.