DODGE MFG. CO. v. OHIO VALLEY PULLEY WORKS et al.

(Circuit Court, D. Kentucky. May 1, 1899.)

1. PATENTS—INVENTION.
The third claim of the McNeal patent, No. 351,064, involved nothing but the method of strengthening the parts of a wooden separable pulley by means of a stay-bolt extending from the arms of the spoke-bars to the pulley rim. The novelty is doubtful, in view of prior analogous uses in the arts.

2. SAME—CONSTRUCTION.
The claim is entitled to only the most narrow construction, and must be confined to the stay-bolt and its screw-nut. Defendants use a wooden pin with glue to lock the parts together, and do not infringe.

3. SAME—NOVELTY.
The Philion patent, No. 368,490, which involves the making of a pulley rim by gluing together the abutting ends of a number of segments to form an individual rim, and, second, in gluing together a number of these individual rims and subjecting them to pressure, involves no invention, in view of the Dodge and Philion patent, No. 260,462. It is a mere carrying forward of old ideas, and does not involve invention.

**4. SAME—PROCESS.**
 The method of uniting segments together and rims together by means of glue does not seem to constitute a process, but involves only mechanical operation.

**5. SAME—NOVELTY.**
 The Dodge patent, No. 456,722, for an angular hub-block bored to fit a shaft, and detachably connected with the spoke-arms of a separable wood pulley, does not involve invention, in view of the prior Dodge patent, No. 260,462. The angular hub-block or bushing of the one patent is not different in function from the round thimble or bushing of the other patent. It is a change of form without producing new results.

(Syllabus by the Court.)

Lysander Hill and John W. Hill, for complainant.
E. E. Wood and Wm. R. Wood, for defendants.

LURTON, Circuit Judge. 1. This is a suit for infringement of several patents, all owned by the complainant company. The patents alleged by the bill to be infringed are (a) the Sanborn patent, of April 17, 1883, No. 275,947; (b) the McNeal patent, of October 19, 1886, No. 351,064; (c) the Philion patent, of August 16, 1887, No. 368,490; (d) the Dodge patent of July 28, 1891, No. 456,722. The subject-matter of all the patents is pulleys and their manufacture. The complainant has dismissed its bill so far as infringement of the Sanborn patent was charged, and so far as infringement of claims 1, 2, and 3 of the McNeal patent was involved.

2. The only claim of the McNeal patent involved is the fifth, which is in these words:

"(5) A split pulley having a section A, and the arm, C, mortised into the same near its end, and provided with a stay-bolt, K, extending from said arm back to the pulley rim at a distance from its end, substantially as set forth."

This involves nothing but a method of strengthening the parts of a wooden separable pulley by means of a stay-bolt extending from the arm of the spoke-bar to the pulley rim. The novelty of the device is doubtful, but need not be decided. The history of the earlier art involved, and of analogous arts, is such as to demand the most narrow construction of this claim, whereby the patentee shall be confined to the stay-bolt in connection with a half pulley rim having a mortise near the extremity of the half rim, and having a spoke-bar with its ends within said mortise. Defendants do not use stay-bolt, K, with its screw-nut. They use a wooden pin, with glue, to lock the parts together.

3. The patent to G. Philion, No. 368,490, for a process for the construction of pulleys, is void. It consists in two steps: First, in uniting the proper number of segments at their abutting ends by glue, to constitute individual rings capable of being handled as entireties; second, in assemblying the proper number of such rings to form the rim of a pulley, and uniting them by glue applied to their contiguous faces, and subjecting them to pressure for the purpose of bringing about the proper degree of adhesion. The patent to Dodge and Philion teaches a method of first making individual rings by uniting segments at their meeting ends "by glue or nails, or by doweling" together. The next step shown by the same patent is the adding of

similar rings after the spoke-bars are united to the middle section. These additional or external rings, it is stated in that patent, are "secured by glue, nails, or other suitable means," to the middle section. Nearly as much may be said of the patent to McNeal, No. 351,-064. That it was not new to unite individual segments to form a ring or wheel by gluing them together at their abutting ends is abundantly shown by the record. Neither was it new to unite wooden structures by means of glue under compression. No new result was produced by the method of the patent. That pulleys thus made may have been more durable than those united by nails or doweling, or by glue with nails, or by glue without pressure, may be conceded. But such improvement is not invention. What Philion has done is but the carrying forward of old ideas, and does not amount to invention. Neither am I satisfied that the process involves anything more than the operation of mechanism. The suggestion that the application of liquid glue involves chemical action is not evident. It seems to me that, under the principles of Locomotive Works v. Medart, 158 U. S. 68, 15 Sup. Ct. 745, 39 L. Ed. 899, and the cases there cited, if the method was new or the result new, the process is not the subject of a patent. See, also, Glass Co. v. Henderson, 15 C. C. A. 84, 67 Fed. 930.

4. The patent to W. H. Dodge, No. 456,722, for improvements in band pulleys, recites that the invention consists "in an interchangeable or removable hub, whereby by removing one hub and substituting another the same pulley may be adapted to shafts of different sizes." The specification includes this statement:

"In letters patent No. 260,462, issued to me on the 4th day of July, 1882, a similar object is provided for by the employment of bushes to be interposed between the hub and the shaft, the hubs being all bored to standard sizes, and the bushes being bored to the size of the required shaft; but, as will be apparent, the employment of bushes is not always desirable, because, being an extra and interposed part, it is necessarily an element of weakness, although it is convenient and satisfactory in many cases. The object of my present improvement is to avoid the necessity for boring the hub larger than the shaft, and thereby weakening it, and at the same time to retain the advantage of an interchangeable center, so that any pulley may without trouble be fitted to any shaft. My invention, therefore, consists in a pulley having arms capable of yielding at the center, provided with removable angular hub-blocks seated in said arms, and straining-bolts to draw the arms and hub-blocks towards each other to clamp the same firmly on the shaft."

Only the first and second claims are involved. They are as follows:

"(1) In a pulley, a rim provided with spoke-arms rigidly attached at their ends to said rim, and capable of yielding at the middle, combined with angular removable hub-blocks seated on said arms, and bored to fit a shaft, and straining-bolts whereby said arms and blocks may be drawn towards the center and clamped fast upon the shaft, as set forth. (2) In a pulley, a rim and two parallel spoke-arms rigidly attached at their ends to said rim, but capable of yielding at their middle, said arms being provided with flat seats, combined with removable angular hub-blocks adapted to fit said seats and bored to fit a shaft, and straining-bolts whereby said hub-blocks and arms are drawn towards the center and clamped upon the shaft, as set forth."

It seems to me that these claims are anticipated by the Dodge and Philion patent referred to in the specifications, which I have set out above. I cannot see anything in these claims patentably distinguish-

ing the "removable hub" from the "removable split thimble" of the older patent referred to in the specification above set out. The "separable split thimble" was not claimed, except in combination with the separable pulley of the first claim of the same patent. There is nothing in the third claim of the patent which should necessarily limit the patentees to a removable split thimble cylindric in form. The removable hub-block of this Dodge patent is nothing more than the removable thimble of the older patent made in angular form. In the later patent they are described and claimed as "removable angular hub-blocks." In the older patent the wooden devices corresponding precisely in function are described in the specifications as "removable thimbles." The function of the "removable thimble" was "to properly fit a pulley to a shaft for which it is not adapted." The function of the "removable hub," as stated in the specifications of the Dodge patent, is to adapt the same pulley "to shafts of different sizes." Even if Dodge and Philion were limited to "removable thimbles" "cylindric in form," I fail to see invention in the change of shape. No function results from the change, and no other, different, or better result is accomplished by changing the form of such removable thimbles from cylindric to angular. The change of name from "thimble" to "hub," without any change of function, cannot deceive. Whether called a "thimble" or a "hub," they are both mere "bushings," intended to fit a pulley to a shaft to which it was not adapted. The failure to claim the "removable thimble" or "interchangeable center" of the Dodge and Philion patent as in itself novel and patentable was a surrender to the public of the right to make, vend, and use such "interchangeable centers," except in combination with the other elements of the claim in which such bushings were an element. I fail to find that in this change of form there is any change of function, or that any better results are attained. The patent is therefore void for want of novelty. I do not deem it necessary to go behind the Dodge and Philion patent to find anticipation. The view I have already expressed as to the narrowness of the third claim of the Dodge and Philion patent, as briefly stated in the memorandum I have filed in the case of Dodge v. Pulley Works, 101 Fed. 581, indicates the trend of my thought touching this whole subject of bushings, whether called "separable split thimbles" or "removable hubs." The bill must be dismissed at cost of complainants.