DODGE MFG. CO. v. COLLINS et al.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1901.)

No. 322.

1. PATENTS—INFRINGEMENT—SPLIT WOODEN PULLEYS.

The Sanborn patent, No. 275,947, for a split wooden pulley, claim 1, is entitled to a narrow construction only, and is not infringed by a spoke pulley.

2. SAME.

The Philion patent, No. 468,490, for an improvement in the process of constructing wooden pulleys, which consists essentially in uniting segments to form rings, and then uniting the rings together by means of glue and pressure, is void for want of patentable novelty.

3. SAME.

The McNeal patent, No. 351,064, claims 1 to 6, which cover split wooden pulleys and a mode of constructing the same, show merely combinations of old and well-known devices, which produce no new result, and are void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the District of West Virginia.

Lysander Hill (John W. Hill, on the brief), for appellant.
W. W. Van Winkle, for appellees.

Before FULLER, Circuit Justice, and PAUL and BRAWLEY, District Judges.

PAUL, District Judge. This cause is here on appeal from a decree of the circuit court for the district of West Virginia. The appellant was the complainant in the court below, and filed its bill alleging infringement by the defendants of certain letters patent belonging to the complainant, and praying an injunction and account. The defendants answered, denying the validity of the complainant's patents and the infringement of the same. The court below dismissed the bill. The patents involved are No. 275,947, granted to Gustavus B. Sanborn, April 17, 1883; No. 351,064, granted to Charles McNeal, October 19, 1886; and No. 368,492, granted to George Philion, August 16, 1887. All of these patents are for improvements in split wood pulleys and the manufacture of the same. The claim of the Sanborn patent, No. 275,947, which, it is alleged the defendants are infringing, is as follows:

"A transversely divided or split pulley, having its sections constructed upon their surfaces to form a serpentine or zigzag joint, and receive the shaft which carries the pulley in between them."

The claims in question of the McNeal patent (1, 3, 4, 5, and 6, No. 351,064) are as follows:

"(1) The mode or procedure in building a wooden split pulley as described, which consists in first building the central part of the rim; second, in dividing the same transversely on an irregular line to make an interlocking joint; third, in adding a section to each edge of said central part, and dividing the same with a straight saw, whereby the adjoining ends of the rim are

provided with interlocking portions." "(3) A pulley provided with an arm or spoke having at its ends wedging dovetailed tenons, fitting in a dovetailed mortise in the pulley rim and the fastening edges. (4) A separable wooden pulley, having its rim divided on an irregular line to form interlocking portions at adjoining ends, and having its spokes or arms at their outer ends embedded in the rim with dovetailed tenons and mortises, substantially as set forth. (5) A split pulley, having a section, A, and the arm, C, mortised into the same near its end, and provided with a stay bolt, K, extending from said arm to the pulley rim at a distance from its end. (6) A split pulley, having the rim, A, and the arm, C, mortised into the same near its point of division, and provided with the stay bolt, K, and the anchoring pin, L, inserted in the rim."

The Philion patent, No. 468,490, is for an improvement in the process of constructing wooden pulleys, which consists, essentially— First, in uniting a proper number of segments at their abutting ends to constitute rings capable of being handled as entireties; and, second, in assembling a proper number of said rings with glue between them and subjecting the whole to heavy pressure until the adhesive has solidified.

The claim of the alleged infringing patent, No. 406,067, is for a pulley composed of two rim sections, which are joined at their ends by a horizontal and vertical tongue and groove, each rim section comprising a plurality of rings that are joined at their ends by dowel blocks, the two arms fastened to the said rim sections by bolts and dovetailed tenons and cavities; said arms having notches midway of their ends, with sloping sides; the hub composed of halves, each half fitting in said notches, and having sloping sides, and the bolts pressing through the said arms for drawing them and the said rim sections together, substantially as and for the purpose described.

The claim of the Sanborn patent relates to a split wooden pulley, whereas the Sprinkle pulley is a wooden split arm or spoke pulley. This distinction was made by the court in Manufacturing Co. v. Atkins, 20 C. C. A. 415, 74 Fed. 241. In that case the court held that the first claim of the Sanborn patent must be limited to "a transversely divided or split pulley having its sections constructed upon their meeting surfaces to form a serpentine or zigzag joint, and to receive the shaft which carries the pulley in between them, substantially as specified." The court held in that case, as we find by the record in this, that "split wooden" pulleys were well known at the date of Sanborn's patent. It was then old in the art to dowel together the halves of such pulleys where the halves were formed separately, 'or the unit sawed into halves. It was also old to accomplish this doweling by means of tongues and grooves upon the faces of the halves. It was also old to interlock two wooden surfaces by means of recesses in the one and projections or dowel pins in the other. It was also old to divide bodies in a serpentine or irregular course, producing zigzag surfaces interlocking without further adjustment. The court held in that case that the claim of the Sanborn patent was not infringed by a spoke pulley, the meeting surfaces of which interlocked at the rim by means of a series of projections and recesses. The holding of the court in that case has our concurrence, and, it appearing that the Sprinkle patent is for a spoke pulley, it does not infringe the claim of the Sanborn patent.

The claim of the Philion patent is for an improvement in the process of construction of wooden pulleys. This consists in uniting a proper number of segments at their abutting ends to constitute individual rings, capable of being handled as entireties; then in assembling a proper number of said rings with glue between and subjecting the whole to heavy pressure until the adhesive has solidified. There are but two steps in the formation of the rim of the pulley. One of these is the application of glue to wooden surfaces to secure their adhesion; the other is securing this adhesion through pressure. The statement of the means employed is sufficient to show the absence of novelty in what is claimed as an invention. Both are old and familiar in the work of cabinet makers and carpenters. In Dodge Mfg. Co. v. Ohio Val. Pulley Works (C. C.) 101 Fed. 584, the court held this patent invalid on the ground that the method of uniting segments together and rims together by means of glue did not constitute a process, but involved only mechanical operation. It further said, "What Philion has done is but the carrying forward of old ideas, and does not amount to invention."

The first claim of the McNeal patent consists in first building the central part of the rim by successive rings glued together, as in the Philion patent, which, we have said, is old in the art. Then this rim is divided transversely on an irregular line, making an interlocking joint. Then a section is added to each edge of the central part, which is divided with a straight saw, whereby the adjoining ends of the rim are provided with interlocking portions. The irregular line dividing the central rim is identical with that dividing the Sanborn pulley, and is, as we have seen, old in the art. In Dodge Mfg. Co. v. Ohio Val. Pulley Works, supra, in which the patent was involved, Judge Lurton said:

"That it was not new to unite individual segments to form a ring or wheel by gluing them together at their abutting ends is abundantly shown by the record. Neither was it new to unite wooden structures by means of glue under compression. No new result was produced by the method of the patent. That pulleys thus made may have been more durable than those united by nails or doweling, or by glue with nails, or by glue without pressure, may be conceded. But such improvement is not invention."

The overlapping outside section is not new. If ever patentable, it had been anticipated in the patent of Bowsher, relating to improvements in the construction of split or compound pulleys, No. 307,171, October 28, 1884. This claim does not involve a patentable novelty.

The third claim of the McNeal patent is on the arm or spoke, having at its ends the wedging dovetailed tenons, fitting in a dovetailed mortise in the pulley rim, and the fastening wedges. The fourth claim is for spokes or arms of the pulley at their outer ends embedded in the rim of the pulley with dovetailed tenons and mortises. The fifth is for an arm mortised into a section of the pulley rim near its end, provided with a stay bolt extending from the arm back to the rim at a distance from its end. The sixth is for an arm provided with a stay bolt and anchoring pin inserted in the rim of the pulley. None of these devices possess the merit of invention. The spoke bar or

arm of the pulley, with dovetailed ends or tenons, the mortises, the wedges, the glue to keep them in place, the stay bolt attached to the pin in the rim of the pulley, are all shown by the testimony to be old devices, and long in previous use in the construction of pulleys. The effect of this use of old devices in the construction of the McNeal split wooden pulley was to strengthen it, and thus add to its durability; but it did not produce a new result or effect. The doctrine that a combination of old devices in a patent to be sustained must produce a new result is thus stated in Reckendorfer v. Faber, 92 U. S. 344, 23 L. Ed. 719:

"The combination, to be patentable, must produce a different force or effect, or result in the combined forces or processes, from that given by their separate parts. There must be a new result produced by their union. If not so, it is only an aggregation of separate elements."

Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241; Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749.

In Locomotive Works v. Medart, 158 U. S. 68, 15 Sup. Ct. 745, 39 L. Ed. 899, the supreme court, speaking through Mr. Justice Brown, of the patent involved in that case, said:

"In short, this is a patent only for superior workmanship, and, within all the authorities, invalid. This court has repeatedly stated that all improvement is not invention. If a certain device differs from what precedes it only in superiority of finish, or in greater accuracy of detail, it is but the carrying forward of an old idea, and does not amount to invention."

In our opinion, none of the claims in the several patents proceeded on by the complainant has been infringed by the defendants. The decree of the circuit court dismissing the bill is affirmed.